UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND STEVENS,

    Plaintiff,

                                                Case No.13-cv-15280
                                                HON. GERSHWIN A. DRAIN
vs.


JOSHUA BUSKIRK, P.A.,

    Defendant.

_____/


**ORDER ACCEPTING REPORT AND RECOMMENDATION (#25), OVERRULING PLAINTIFF'S OBJECTIONS (#28), GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (# 17), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (#27), AND DISMISSING PLAINTIFF'S CLAIMS**

**I.    INTRODUCTION**

    Plaintiff is an inmate who filed a prisoner civil rights action challenging the conditions of his confinement on December 23, 2013. Specifically, Plaintiff asserts that Defendant has been deliberately indifferent to his serious medical needs in contravention of the Eighth Amendment. On April 25, 2014, Defendant filed a Motion to Dismiss based on Plaintiff's failure to fully exhaust his administrative remedies.  The matter was referred to Magistrate Judge Patricia Morris, who issued a Report and Recommendation on June 26, 2014, recommending that the Court grant Defendant's Motion to Dismiss because Plaintiff failed to exhaust his administrative remedies prior to filing the instant action.  On July 14, 2014, Plaintiff submitted his objections to the Report and

Recommendation and Defendant filed a Response to Plaintiff's objections on August 4, 2014. For the reasons that follow, the Court ACCEPTS Magistrate Judge Morris's recommendation.

**II.  ANALYSIS**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Prison Litigation Reform Act requires Plaintiff to exhaust his administrative remedies prior to bringing this action. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Proper exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001); *Woodford v. Ngo*, 548 U.S. 81 (2006). To meet the exhaustion requirement, Plaintiff must demonstrate compliance with the MDOC's grievance policies, including its deadlines and procedural

rules. *Woodford,* 548 U.S. at 90. Thus, examination of the MDOC's grievance policies, set forth in MDOC Policy Directive 03.02.130, *Prisoner/Parolee Grievances,* is required to determine whether Plaintiff's claims are exhausted.

The MDOC grievance procedure entails four steps. First, a grievant must attempt to resolve the issue orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *See* Ex. 1, Defs.' Mot. to Dismiss, MDOC Policy Directive 03.02.130 at ¶ P. If the issue is not resolved, the inmate must then file a written Step I grievance within five days of the attempted oral resolution. *Id.* at ¶ V. If the inmate is not satisfied with the response to his Step I grievance, he may appeal to Step II by requesting an appeal within five days of receiving his Step I response. *Id.* at ¶ BB. If still dissatisfied with the Step II response, an inmate may file a Step III grievance within ten days after receiving the response. *Id.* at ¶ FF. Additionally, Policy Directive 03.02.130 requires that grievances contain "[d]ates, times, places, and names of all those involved in the issue being grieved . . . ." *Id.* at ¶ R.

Here, the Magistrate Judge reached the correct conclusion regarding Plaintiff's failure to exhaust administrative remedies because he failed to submit a Step III grievance appeal in accordance with the MDOC's grievance procedure. Plaintiff's objections mainly address the substantive merits of his Eighth Amendment claim. Such objections are OVERRULED as irrelevant to the issue presently before this Court. *See* Fed. R. Civ. P. 72 (b)(3) (requiring the district judge to conduct de novo review of any portion of a Report and Recommendation "that has been *properly* objected to.") (emphasis supplied). Plaintiff's objection concerning the exhaustion issue states that "[t]here was an effort to complete a Step III Grievance[,]" however "[t]he Grievance Coordinator . . . never responded to my Kite that was sent." *See* Objs. at 3. Plaintiff's objection is without

merit. Plaintiff admits he did not file a Step III grievance appeal, rather he apparently submitted kites in lieu of his Step III appeal. This is not proper exhaustion under *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, Plaintiff's assertion that complete exhaustion would have failed to remedy his complaints is also without merit. A prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) ("To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[] believes the procedure to be ineffectual or futile.") (internal quotations and citations omitted.) As such, Plaintiff's objection relating to exhaustion of administrative remedies is also OVERRULED.

### III.  CONCLUSION

Accordingly, Plaintiff's objections are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Patricia Morris's June 26, 2014 Report and Recommendation, GRANTS Defendant's Motion to Dismiss [#17], DENIES Plaintiff's Motion to Appoint Counsel [#27] and DISMISSES Plaintiff's Complaint.

SO ORDERED.

Dated:  August 14, 2014

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2014, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk