UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND STEVENS,

    Plaintiff,

                                    Case No.13-cv-15280
                                    HON. GERSHWIN A. DRAIN

vs.

JOSHUA BUSKIRK, P.A.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR A CERTIFICATE OF APPEALABILITY [#33] AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [#34]**

Plaintiff, an inmate, filed the instant action challenging the conditions of his confinement pursuant to 42 U.S.C. 1983. On August 14, 2014, this Court entered an Order Accepting Magistrate Judge Patricia T. Morris's Report and Recommendation recommending that Plaintiff's Complaint be dismissed for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Presently before the Court is Plaintiff's Motion for Certificate of Appealability and Motion for Appointment of Counsel. Both motions are due to be denied.

Plaintiff's Motion for a Certificate of Appealability is misplaced. "Unlike a prisoner action under federal habeas corpus, or 28 U.S.C. § 2255, a prisoner civil rights action does not require a certificate of appealability as outlined in 28 U.S.C. § 2253." *Jackson v. Fick*, No. 2:06-cv-00007-ERW, 2007 U.S. Dist. LEXIS 58527 (E.D. Mo. Aug. 10, 2007). However, the United States Court of Appeals for the Sixth Circuit has held that "[a]ny document that meets the requirements of Rule

-1-

3(c) and is filed with the time prescribed by Rule 4(a) can function as a notice of appeal." *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987) (concluding that a certificate of appealability can serve "double-duty" as a notice of appeal). The *McMillan* court noted that construing a document as a Notice of Appeal if the requirements of Rules 3(c) and Rule 4(a) are met "is particularly important where the filing is the work of a prisoner proceeding *pro se*." *Id.*

While Plaintiff's request for a Certificate of Appealability was filed within the thirty-day limit prescribed by Fed. R. App. P. 4(a)(1)(A), it fails to comply with the requirements of Rule 3(c). Specifically, Rule 3(c) states that a Notice of Appeal must: (1) Specify the party or parties taking the appeal by naming each one in the caption or body of the notice; (2) designate the judgment, order, or part thereof being appealed; and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A).

Plaintiff has satisfied the first and third requirements under Rule 3(c). Plaintiff has met the first requirement by listing his name in the caption of the Motion for Certificate of Appealability. As to the third requirement, Plaintiff failed to name the United States Court of Appeals for the Sixth Circuit, however this is not fatal to meeting the third requirement under Rule 3(c). In this circuit, "when there is only one possible appellate forum, and no information or action contrary to the proper forum appears on the papers, the filing of a notice of appeal has the practical effect of 'naming' that forum" even where the paper does not expressly name the forum. *Dillon v. United States*, 184 F.3d 556, 558 (6th Cir. 1999).

However, Plaintiff's Motion for Certificate of Appealability fails to meet the second requirement under Rule 3(c) because he fails to identify the order he is appealing. While district courts are permitted to relax Rule 3(c)'s third requirement when there exists only one possible

appellate forum, the United States Court of Appeals has refused to relax the requirement that the appellant designate the order and judgment being appealed. *United States v. Glover*, 242 F.3d 333, 336 (6th Cir. 2001) (concluding that relaxing Rule 3(c)'s second requirement would "nudge [the] [c]ourt across the line of construing the Rules liberally and into the inappropriate realm of amendment by judicial fiat.") As such, Plaintiff's request does not comply with Rule 3(c) and cannot be construed as a Notice of Appeal.

Plaintiff also moves for the appointment of counsel. This court has the discretion to appoint an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e). However, "[a]ppointment of counsel in a civil case is not a constitutional right," but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted). Here, Plaintiff's papers do not advance "legal points arguable on their merits" as he fails to address exhaustion of administrative remedies with respect to his Eighth Amendment claim and merely re-argues the merits of his claim. *See Jones v. Frank*, 622 F. Supp. 1119, 1120-21 (W.D. Tex. 1985). The Court finds there are no "exceptional circumstances" warranting the appointment of counsel.

Accordingly, Plaintiff's Motion for Certificate of Appealability [#33] is DENIED. Plaintiff's Motion to Appoint Counsel [#34] is also DENIED.

SO ORDERED.

Dated: October 8, 2014

/s/ Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 8, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk